OPINION
{¶ 1} William Dennis appeals from his conviction for failure to comply with a police order and felonious assault on a police officer.
 {¶ 2} On May 24, 2007 Detective Greg Gaier of the Dayton Police Department observed Dennis in a drug transaction with an unknown individual in west Dayton. Gaier requested a backup officer to assist in stopping Dennis' vehicle. Detective Greg Spiers, *Page 2 
also in plain clothes, responded to assist Gaier. Spiers observed Dennis smoking crack cocaine while Dennis was seated in his vehicle in an alley. Spiers pulled his vehicle up to block Dennis' car and flashed his police badge.
 {¶ 3} Dennis attempted to leave the area by driving in reverse and pulling into a parking spot along a garage. Spiers and Gaier attempted to block Dennis' vehicle and they exited their vehicles and identified themselves as police officers to Dennis. Spiers and Gaier were wearing their tactical vests that prominently displayed "POLICE" across the front and "DAYTON POLICE" across the badge.
 {¶ 4} Dennis put his car in drive and drove between the parked police cars. The officers jumped in their vehicles and took off in opposite directions in an attempt to keep Dennis from leaving the area. They again blocked him with their vehicles, one in front and one behind, and exited to make contact with Dennis. They again identified themselves as police and ordered him to stop. In response Dennis gunned his engine and drove over the curb to flee. As he did so he drove directly at Spiers striking him in the leg with his vehicle. A lengthy police chase with the two undercover cars and multiple marked cruisers then ensued. Dennis refused to stop for the police and took evasive maneuvers to avoid them, including driving around stop sticks. The chase was ultimately called off when Dennis' driving posed a danger to the community.
 {¶ 5} The next day officers discovered where Dennis was staying and went to the house to arrest him. They also discovered that he had two outstanding warrants for his arrest. Officers arrived at the house in West Carrolton and were ultimately told that Dennis was inside. Dennis' father consented to the officers entering the house to get his son. He told the officers that "[h]e's inside the bedroom, you go get him," "you can go get him." They went in the house and found Dennis in a bedroom where they placed him *Page 3 
under arrest. Next to the bed where he was laying officers observed the keys to the Honda involved in the chase. They took the keys and the car.
 {¶ 6} Prior to trial, Dennis moved to suppress any evidence recovered by the police as a result of his arrest. The trial court overruled Dennis' motion without a written decision. The record provides no insight into the trial court's reasons for denying the motion.
 {¶ 7} In his first assignment, Dennis argues that his conviction should be set aside "because police entered his hotel room without a search warrant and without his consent prior to finding the drugs." Dennis was not arrested in a hotel room but at his father's residence. Dennis did not testify at the suppression hearing so it is unclear whether he was living with his parents. In any event, assuming he had standing to object to a search of his parents' home, the police need only have an arrest warrant to enter the premises to arrest him.Payton v. New York (1980), 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639. Accordingly, the keys to the Honda automobile were properly admitted. There is no evidence drugs were recovered from the residence. Appellant's first assignment of error is Overruled.
 {¶ 8} In his second assignment, Dennis contends he was denied a fair trial because the trial court did not excuse a juror who stated she knew Detective Gaier's wife because Mrs. Gaier had previously cut her hair. Juror No. 12, Ms. Jennifer Hanihan informed the court at the conclusion of the first day of trial that after seeing Detective Gaier she realized the detective's wife cut her hair. The court inquired if she had ever discussed with Mrs. Gaier her husband's work. She stated she had not and could be a fair and impartial juror. (Tr. 111.) She stated she did not have an ongoing social relationship with the Gaiers. (Tr. 113.) Dennis' counsel asked the court to excuse Ms. Hanihan, *Page 4 
but the court refused. The trial court stated it found no reason to exclude Ms. Hanihan for cause. Dennis' counsel candidly admitted he would not have wasted a peremptory challenge on Ms. Hanihan "just because of the connection." (Tr. 116.)
 {¶ 9} Whether to remove a juror is within the sound discretion of the trial court. Unless the court acted unreasonably in denying the request, the decision will not be overturned on appeal. State v. Phillips, 74 Ohio St.3d 72, 1995-Ohio-171. A juror's acquaintance with a witness is not sufficient to justify a challenge for cause. McQueen v. Goldey
(1984), 20 Ohio App.3d 41. See Crim. R. 24(B). The juror challenged stated she could be fair and impartial and there is nothing in this record to suggest she could not have been.
 {¶ 10} Dennis also argues that he was denied a fair trial because Officer Gaier was permitted to testify that he suspected him of smoking crack cocaine when the police never recovered any drugs from him and did not charge him with the drug offense. The State argues that Gaier's testimony was relevant because it provided the motive for Gaier's fleeing and assaulting them. In any event, the State argues the trial court instructed the jury that the drug testimony was admissible for a limited purpose; i.e., to explain why Dennis fled from the police. We agree with the State that the admission of this testimony did not deny Dennis a fair trial. The Appellant's second assignment of error is Overruled.
 {¶ 11} In his third assignment, Dennis argues that his conviction is against the manifest weight of the evidence. In support of his argument, Dennis notes that the police never recovered any drugs he was allegedly dealing in the alley. He notes no drugs were found in his car nor in his father's home.
 {¶ 12} A weight of the evidence argument challenges the believability of the *Page 5 
evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagel (Sept. 6, 1996), Montgomery App. No. 15563. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717: "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 13} Further, an appellate court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the fact finder lost its way.State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 14} The police and Dennis presented two competing versions of what happened in this matter. Spiers testified he saw Dennis smoking crack in his car and attempted to stop him after identifying himself as a police officer. Officer Gaier supported the testimony of Officer Spiers that Dennis refused to stop his vehicle after they identified themselves as police. They both testified that Dennis struck Spiers with his vehicle while trying to elude them. Their testimony would support Dennis' conviction if believed by the jury.
 {¶ 15} Dennis testified he was not engaged in a drug transaction when Spiers saw him behind the house. Dennis said he was being paid for repairing a person's car. He testified he lit a cigarette in his car, not crack cocaine. (Tr. 265.) Dennis denied hearing the police officers identify themselves and he denied knowingly striking Spiers with his car. (Tr. 274.) He denied ever seeing any police identification on Spiers' or Gaier's clothing. (Tr. 275, 284.) Dennis said he fled the vehicles pursuing him because he did *Page 6 
not know the vehicles were being driven by police. (Tr. 285.) He denied ever seeing any police in marked cruisers chasing him.
 {¶ 16} It is notable that Dennis did not produce the person he said he paid for automobile repairs behind the house where Officer Gaier first observed him.
 {¶ 17} Since Dennis was not arrested until the day after the car chase, it is not surprising the police did not recover crack cocaine from a search of the defendant's car or bedroom. In any event, the State was not required to produce that evidence to convict Dennis of the two charges for which he was indicted.
 {¶ 18} The jury was in the best position to evaluate the testimony of the police and Dennis. The officers' testimony was not inherently incredible. The officers' testimony was not impeached by the defense but was only contradicted. See State v. Mattison (1985), 23 Ohio App.3d 10. The Appellant's convictions were not against the manifest weight of the evidence. The third assignment of error is Overruled. The Judgment of the trial court is Affirmed.
WOLFF. P.J., and DONOVAN, J., concur.
Copies mailed to:
Mathias H. Heck, Jr. Mark J. Keller Byron K. Shaw Hon. Michael Tucker *Page 1